# The   United States, plainti ff  in error,  *vs.*  Henry E. Switzer,  defendant in error.

## *Error to Cedar.*

Where the public prosecutor entered a nolle prosequi on an indictment for burglary, it was held that the county was liable for the costs of prosecution.

At the District Court  held in and for  the county of Johnson,  while the county of  Linn was attached for  judicial purposes,  to wit :  at May term 1840, Henry Switzer, Lester  Wallace, and  William Long  were indicted for burglary.   The  case  was afterwards  transferred  to Linn, and the venue, as to the defendant  Switzer, changed  to the county of Cedar.   And was  disposed of at the  May term of  the  Cedar District Court,  1842,  by the district  prosecutor  entering a nolle prosequi.   A judgment was  thereupon  rendered  against the county of  Linn  for the payment of  the costs.

The county of Linn, in the name of  the United States,  prosecuted  a writ of  error.

Error assigned :

The court erred in rendering a  judgment against the  county of Linn for costs.

BATES, for plaintiff  in error.

PER CURIAM, MASON,  CHIEF JUSTICE.—The only question involved in this case,  is whether the county  is liable to pay  the costs of the pros- ecution, in cases where a nolle prosequi has  been entered by the public prosecutor.   It was  undoubtedly in the power of  the District  Court to direct the costs to be thus paid, prior to the act of February 15*th*, 1842. The sixth section of that act declares that  " no  costs shall be rendered by the court  in the  event of  the acquittal of  a person charged  with a criminal offence against the private prosecutor,  unless the court  is satis- fied that the  prosecution is malicious ;  or the county,  or the  territory,

except, &c." This section makes no change in the previous law, except in the event of an "acquittal." The entering of a nolle prosequi, is not an acquittal, and therefore the court was justified in entering up a judgment for costs against the county.

Judgment affirmed.